[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 25, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12741
Non-Argument Calendar

_____

BIA No. A95-264-665

CANMA LILIANA AREVALO VELASQUEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(January 25, 2007)**

Before BIRCH, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Canma Liliana Arevalo Velasquez, through counsel, seeks review of the

order by the Board of Immigration Appeals ("BIA") that affirms denial of asylum

and withholding of removal by the immigration judge ("IJ"). We DENY her petition.

## I. BACKGROUND

On appeal, as in the immigration proceedings, Arevalo Velasquez argues that she demonstrated past persecution and a well-founded fear of future persecution because of her political opinion as imputed by the Revolutionary Armed Forces of Colombia ("FARC"), a guerilla group. Specifically, she contends that she received death threats because of her political opinion and membership in a particular social group as a leader at her high school. She argues that her life will be in danger if she is sent back to Colombia and requests that all the evidence be examined because an erroneous decision could result in the loss of her life.

The IJ denied Arevalo Velasquez's application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment, 8 U.S.C. §§ 1158, 1231; 8 C.F.R. § 208.16(c), and ordered her removed to Colombia. In his oral decision, the IJ noted that Arevalo Velasquez's testimony was unsupported by documentation, other than general reference letters and a Colombian doctor's note that she suffered from stress. Administrative Record ("AR") at 32. The IJ further noted the coincidence that Arevalo Velasquez, despite testifying that she had no intention of leaving Colombia, applied for a visa just one month before the meeting

2

that led to her departure. Id. at 32-33. The IJ found that Arevalo Velasquez had not established that she had ever been physically harmed or that she had a well-founded fear of future persecution and noted that her mother had experienced no problems in Colombia. Id. at 33. Even assuming Arevalo Velasquez's testimony was totally candid, the IJ found that she had not established a nexus between any alleged future or past persecution and one of the protected statutory grounds, because resistance to guerilla recruiting efforts did not fall within the statute's protection. Id. at 32-33. Additionally, since she failed to meet the burden of proof required for asylum, the IJ found that she failed to meet the higher standard for withholding of removal. Id. at 33-34.

Arevalo Velasquez filed a notice of appeal with the BIA and argued that the IJ erred in not finding that Arevalo Velasquez had provided sufficient evidence to support her eligibility for asylum and withholding of removal. Arevalo Velasquez contended that she was in extreme danger because of her political opinion, as imputed by the guerillas, and her refusal to collaborate with them. She further alleged that her testimony demonstrated her open and public opposition to FARC and that FARC had retaliated via threats, intimidation, and an attempt on her life. According to Arevalo Velasquez, these incidents proved that she had demonstrated a well-founded fear of persecution, because any reasonable person in her situation would fear future persecution. The government did not respond. The BIA

3

affirmed the IJ's decision and adopted it.  This petition followed.

## II. DISCUSSION

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision.  Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001).  In this case, the BIA adopted the IJ's decision.  Consequently, we review the IJ's decision.  To the extent that the IJ's decision was based on a legal determination, our review is de novo.  Nreka v. United States Attorney Gen., 408 F.3d 1361, 1368 (11th Cir. 2005).   The IJ's factual determinations are reviewed under the substantial-evidence test, and we must affirm the IJ's decision "if it is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'"  Al Najjar, 257 F.3d at 1283-84 (citation omitted).  The fact that evidence in the record may support a conclusion contrary to the administrative findings is not enough to justify a reversal; instead, reversal is appropriate "only when the record compels" it.  Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004), cert. denied, 544 U.S. 1035, 125 S.Ct. 2245 (2005).

An alien who arrives in or is present in the United States "may apply for asylum."  Immigration & Nationality Act ("INA") § 208(a)(1), 8 U.S.C. § 1158(a)(1).  The Secretary of Homeland Security and the Attorney General have the discretion to grant asylum if the alien meets the INA's definition of "refugee."

4

INA § 208(b)(1), 8 U.S.C. § 1158(b)(1).  A "refugee" is defined as:

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . .

INA § 101(a)(42)(A); 8 U.S.C. § 1101(a)(42)(A).  The asylum applicant has the burden of proving statutory refugee status.  Al Najjar, 257 F.3d at 1284.  For asylum eligibility, the alien, with specific and credible evidence, must establish: (1) past persecution because of a statutorily listed factor;  or (2) a "well-founded fear" that the statutorily listed factor will cause future persecution.  8 C.F.R. § 208.13(a), (b); Al Najjar, 257 F.3d at 1287.  If an alien does not establish past persecution, he or she bears the burden of showing a well-founded fear of future persecution by showing that: (1) he or she fears persecution based on membership in a protected group; (2) there is a reasonable possibility that he or she will suffer persecution if removed to his or her native country; and (3) he or she is unwilling or unable to avail himself or herself of the protection of that country because of such fear.  8 C.F.R. § 208.13(b)(2)(i)(A)-(C).  Although neither the INA nor the regulations define "persecution," we have recognized holdings of other circuits that define "'persecution' [a]s an 'extreme concept,' requiring 'more than a few isolated

5

incidents of verbal harassment or intimidation,' and that '[m]ere harassment does not amount to persecution.'" Sepulveda v. U.S. Attorney General, 401 F.3d 1226, 1231 (11th Cir. 2005) (per curiam) (citation omitted) (second alteration in original).

When claiming persecution based on a political opinion, an alien may receive relief based on an imputed political opinion not actually held by the alien. Sanchez v. U.S. Attorney Gen., 392 F.3d 434, 438 (11th Cir. 2004) (per curiam). The alien must establish a connection between the persecution and a statutory ground by providing "'detailed facts showing a good reason to fear that he or she will be singled out for persecution'" on that ground. Al Najjar, 257 F.3d at 1287 (citation omitted). "It is not enough to show that she was or will be persecuted or tortured due to her refusal to cooperate with the guerillas." Sanchez, 392 F.3d at 438.

In addition to seeking asylum, the alien also may seek withholding of removal. INA § 241(b)(3), 8 U.S.C. § 1231(b)(3). One significant difference between proving asylum eligibility and withholding of removal eligibility is that, to merit the latter, the alien must prove that future persecution would occur more likely than not. Mendoza v. U.S. Attorney Gen., 327 F.3d 1283, 1287 (11th Cir. 2003). Because the more-likely-than-not standard that applies to withholding of removal is more stringent than the well-founded-fear standard that applies to

6

asylum, ineligibility for asylum generally precludes withholding of removal eligibility. Al Najjar, 257 F.3d at 1292-93.

Substantial evidence supports the IJ's decision that Arevalo Velasquez was not entitled to asylum or withholding of removal under the INA. An examination of the record does not demonstrate any specific, detailed evidence regarding any past persecution or a well-founded fear of future persecution that would compel reversal. Arevalo Velasquez's alleged past persecution occurred when a FARC recruiter made telephone calls to her, and two people came to her school to look for her three months after she had refused to join FARC. AR at 74-75. Arevalo Velasquez was never harmed, and the telephone calls, even if menacing, would not compel the reversal of the IJ's decision. See Sepulveda, 401 F.3d at 1231.

Nor does Arevalo Velasquez offer any compelling evidence of a well-founded fear of future persecution. She alleges that the guerillas will kill her if she returns, but Arevalo Velasquez's mother, who reported the names of individuals recruiting students to the army and police, remains unharmed in Colombia. AR at 76; see Ruiz v. U.S. Attorney Gen., 440 F.3d 1247, 1259 (11th Cir. 2006) (per curiam) (recognizing that a petitioner's well-founded fear claim is contradicted where petitioner has family living unharmed in the alleged dangerous area). Furthermore, even assuming that the guerillas were harassing Arevalo Velasquez, there is little evidence that it was based on a statutorily protected ground. Arevalo

7

Velasquez argues that her persecution was based on her political beliefs and her membership in a high-school-leaders group. She testified, however, that she feared for her life because she could identify guerilla members and their urban infiltration plan as outlined at the recruiting meeting. AR at 76. Having too much knowledge about guerilla plans does not constitute a political opinion. See Sanchez, 392 F.3d at 438 (citing persuasive authority that private acts of violence do not constitute evidence of persecution on the basis of a statutorily protected ground).

Because Arevalo Velasquez failed to establish either past persecution or a well-founded fear of future persecution, she is ineligible for asylum. Since eligibility for asylum carries a lower burden of proof than for withholding of removal, that claim also fails. Al Najjar, 257 F.3d at 1293. Accordingly, we deny Arevalo Velasquez's petition seeking review of the BIA order affirming the IJ's denial of asylum and withholding of removal.

### III. CONCLUSION

Arevalo Velasquez has sought our review of the BIA's order affirming the IJ's denial of asylum and withholding of removal. Substantial evidence supports the IJ's decision that Arevalo Velasquez was not entitled to asylum. An examination of the record does not demonstrate any specific, detailed evidence regarding any past persecution or a well-founded fear of future persecution that would require reversal. Because Arevalo Velasquez's asylum claim fails, so does

her claim for withholding of removal. Accordingly, we deny Arevalo Velasquez's petition for review.

**PETITION DENIED.**